**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL CLANCY, STUART LOVE, THOMAS BRYANT, JAMES PETERS, and SAMUEL PATTON, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Civil Action No. 1:22-cv-01250 |
| v. | Honorable Manish S. Shah |
| THE SALVATION ARMY, an Illinois nonprofit corporation, | |
| Defendant. | |

**DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL
CERTAIN EXHIBITS TO DEFENDANT'S RESPONSE TO PLAINTIFFS'
STATEMENT OF ADDITIONAL MATERIAL FACTS**

Defendant The Salvation Army, an Illinois nonprofit corporation ("TSA") requests leave to file under seal documents or portions of documents attached to Defendant The Salvation Army, an Illinois Nonprofit Corporation's Response to Plaintiffs' Statement of Additional Material Facts accompanying Defendant The Salvation Army a Nonprofit Corporation's Reply in Support of its Motion for Summary Judgment, in accordance with the Parties' Agreed Confidentiality Order [Dkt. 113]. TSA seeks to file the documents under seal because they contain confidential information, including information that TSA and Plaintiffs have designated confidential, and good cause exists to seal the documents. *See* Dkt. 113 ¶¶ 5, 9; L.R. 26.2. Defendant also moves to redact limited portions of Defendant The Salvation Army, an Illinois Nonprofit Corporation's Reply in Support of its Motion for Summary Judgment and its accompanying Response to Plaintiffs' Statement of Additional Material Facts that refer to confidential information taken from the Exhibits listed above. Counsel for TSA has contacted counsel for Plaintiffs in a good faith attempt to address the relief requested, and counsel for Plaintiffs have advised that they have no objection

1

to this Motion.

## I. LEGAL STANDARD

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). Under Seventh Circuit precedent, there is a "long-recognized presumption in favor of public access" that applies to evidence filed in connection with civil motions. *Matter of Cont'l Illinois Sec. Litig.*, 732 F.2d 1302, 1308-09 (7th Cir. 1984). In determining whether a document should be filed under seal, a court must "balance the public interest underlying that presumption" against each party's "interest in confidentiality." *Id.* at 1313. The entry of a protective order does not "alter the legal standard for public disclosure of the material" or "shield the [material] from the presumption of access." *Id.* at 1312-13. Rather, a party seeking to seal a judicial record or document must "analyze the applicable legal criteria" by which it "legitimately may be kept from public inspection despite its importance to the resolution of the litigation." *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 546 (7th Cir. 2002). This Court requires "good cause" to seal any part of the record of a case. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999); *see also* L.R. 26.2.

Where a document contains both confidential and non-confidential information, the proper course is to redact the confidential portions of the document, rather than seal the entire document. *See Methodist Hosps. v. Sullivan*, 91 F.3d 1026, 1032 (7th Cir. 1996) ("To say that particular *information* is confidential is not to say that the entire document containing that information is confidential."); *Citizens First Nat'l Bank*, 178 F.3d at 945 ("[A] document that contains [confidential information] may also contain material that is not [confidential], in which case all that would be required to protect a party's interest in [confidentiality] would be redaction of

portions of the document."); *Nwoke v. Univ. of Chi. Med. Ctr.*, 2020 WL 1233829, at *2 (N.D. Ill. Mar. 13, 2020) (finding that plaintiffs adequately protected patients' identities when they redacted patients' names and identifiers in confidential health information).

## II. ARGUMENT

TSA seeks to file under seal the following categories of information: (1) commercial and financial information maintained by TSA as confidential; and (2) sensitive personal information.

TSA seeks to file Exhibit 310 entirely under seal because it contains or could be used to determine TSA's sensitive commercial and financial information. Dkt. 113 ¶ 2(c). TSA seeks to redact the following Exhibits because they contain sensitive personal information including birth dates, social security numbers, addresses, specific substance use, criminal, and/or medical history, or information identifying an individual other than a Named or Opt-in Plaintiff as having participated in a Salvation Army ARC (Dkt. 113 ¶ 2(i); *see also id.* ¶ 2(e) or because they contain or could be used to determine TSA's sensitive commercial or financial information:

| Exhibit 264 | Exhibit 272 | Exhibit 289 | Exhibit 290 |
|---|---|---|---|
| Exhibit 296 | Exhibit 297 | Exhibit 304 | |

Good cause exists for sealing these documents. TSA believes that 42 C.F.R. Part 2 (Confidentiality of Substance Use Disorder Patient Records), which requires that rehabilitation programs maintain the confidentiality of participants in their programs, is applicable to it. Courts routinely seal sensitive personal information, such as an individual's date of birth or criminal history. *See Lane v. Paul Revere Life Ins. Co.*, 2009 WL 10740062, at *1 (N.D. Ill. July 17, 2009) (redacting personal identifying information such as date of birth and social security number); *Worrell Newspapers of Ind., Inc. v. Westhafer*, 739 F.2d 1219, 1225 (7th Cir. 1984) (stating that courts may "undisputably" seal criminal information).

### III. CONCLUSION

For the foregoing reasons, TSA respectfully requests that the Court grant its motion for leave to file under seal certain documents in support of TSA's Motion for Summary Judgment.

Dated: August 1, 2025

Respectfully submitted,

*/s/ Amy M. Gibson*
Amy M. Gibson (ARDC No. 6293612)
Aronberg Goldgehn
225 W. Washington, Suite 2800
Chicago, Illinois 60606
312-828-9600
agibson@agdglaw.com

/s/ *Toni Michelle Jackson*
Toni Michelle Jackson (D.C. Bar No. 453765)
Thomas Gies
Andrew W. Bagley
Katie R. Aber
Rachel S. Lesser
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
(202) 624-2500
TJackson@crowell.com
TGies@crowell.com
ABagley@crowell.com
KAber@crowell.com
RLesser@crowell.com

*Attorneys for The Salvation Army, an Illinois nonprofit corporation*